| | |
|---|---|
| KRISTINA RENE FROST<br>*Individually and as Personal*<br>*Representative of* the Estate of<br>Shawna Rene Mays and<br>*as Personal Representative of*<br>the Estate of Tristan Allen Mays;<br>GARY ALLEN MAYS, JR.<br>*Individually and as Personal*<br>*Representative of* the Estate of<br>Shawna Rene Mays and<br>*as Personal Representative of*<br>the Estate of Tristan Allen Mays,<br><br>        Plaintiffs,<br>v.<br><br>HILLIARD LAW;<br>HILLIARD MARTINEZ<br>GONZALES, LLP;<br>ROBERT CARL HILLIARD;<br>JOHN BRANDON MARTINEZ;<br>MARION MAGDALENE REILLY;<br>RUDY F. GONZALES, JR.;<br>MATTHEW LYLE MCMULLEN;<br>LESLIE MARIE BEARDEN;<br>ANA LUISA ZABALGOITIA;<br>MOSS & COLELLA, PC; and<br>ATTILIO VINCENZO COLELLA,<br><br>        Defendants. | MEMORANDUM AND<br>RECOMMENDATION |

This matter is before the Court *sua sponte* for case management purposes.

## I.  Background

Shawna Rene Mays ("Shawna") and Tristan Allen Mays ("Tristan") were the children of Kristina Rene Frost ("Ms. Frost") and Gary Allen Mays, Jr. ("Mr. Mays"). Plaintiffs' claims arose initially out of a tragic vehicle fire that occurred on July 3, 2018 and took the lives of Shawna and Tristan.

### A. Frost I

On June 11, 2021, Ms. Frost and Mr. Mays, individually and as co-personal representatives of the Estates of Shawna and Tristan, filed a complaint in this Court against AmSafe Commercial Products, Inc.; AmSafe, Inc.; TransDigm Group, Inc.; and Shield Restraint Systems, Inc. Civil Action No. 1:21-cv-00156-MOC-WCM ("Frost I"). Plaintiffs were represented at that time by Emily Beeson, Whitney Butcher, Marion Reilly, and Ana Zabalgoitia, all of Hilliard Martinez Gonzales LLP; and by A. Vince Colella of Moss and Colella.[1]

Plaintiffs filed an Amended Complaint on June 22, 2021, asserting claims of (1) negligence, gross negligence, recklessness; (2) products liability/improper design; (3) fraud by non-disclosure; (4) fraud by misrepresentation; (5) wrongful death of both children; (6) survival claims for

---

[1] Subsequently, Rudy Gonzales, Jr., Leslie Marie Tyroch and Matthew L. McMullen of Hilliard Martinez Gonzales, and Sybil L. Dunlop of Greene Espel PLLP also appeared for Plaintiffs.

both children; (7) bystander claims; and (8) products liability/failure to warn.

Subsequently, Defendants made a motion for judgment on the pleadings. Doc. 66.

On March 29, 2023, the Honorable Max O. Cogburn, Jr., ruled on that motion, and in doing so explained that "[o]ther than Plaintiffs' claims associated with Ms. Frost's personal injuries, all of the damages Plaintiffs seek to recover in this litigation arise out of the deaths of Shawna and Tristan." Doc. 84 at 2. Based on the two-year statute of limitations applicable to wrongful death claims, the Court found that most of Plaintiffs' claims were time-barred. Doc. 84 at 7. The Court stated:

> Plaintiffs' claims under the wrongful death act (Count 5) and survivorship statute (Count 6) are dismissed in their entirety. To the extent that the remainder of Plaintiffs' claims seek relief associated with or arising out of the death of Shawna Mays and Tristan Mays, those claims are also dismissed with prejudice. At this time, *the Court will not dismiss any claims asserted by Kristina Frost for her own personal injuries that she allegedly incurred as a direct and proximate result of Defendants' conduct.* Therefore, those claims remain viable.

Doc. 84 at 11 (emphasis added).

On April 7, 2023, Ms. Dunlop was allowed to withdraw as counsel for Plaintiffs. Doc. 92.

On April 10, 2023, Plaintiffs' remaining counsel moved to withdraw. Doc. 93.

3

On April 20, 2023, and following a hearing, the undersigned granted the motion. Doc. 107.

On October 18, 2023, Judge Cogburn denied a defense Motion for Summary Judgment. Doc. 116. In that order, the Court explained that "[a]ll of the claims in this litigation associated with and arising out of the deaths of the children have been dismissed as barred by the statute of limitations. *The only claims remaining are those asserted by Plaintiff Kristina Rene Frost in her individual capacity associated with her own personal injuries incurred as a result of burns she received during the car fire.*" Doc. 116 at 1 (emphasis added).

In November of 2023, new counsel for Ms. Frost appeared. Docs. 118, 119, 120, 121.

On December 19, 2023, Judge Cogburn granted the parties' Joint Motion for Settlement Conference. Doc. 125.

On January 12, 2024, Ms. Frost filed a Motion to Remove Dismissed Parties and Amend Caption. Doc. 128. Therein, Ms. Frost stated that "[t]he only viable claims remaining in this lawsuit are the individual personal injury claims of Plaintiff Kristina Rene Frost. Therefore, the Plaintiff respectfully requests the Court remove the Estates of Shawna Rene Mays and Tristan Allen Mays, as well as Gary Allen Mays from further involvement in this lawsuit, as they are no longer real parties in interest…." Doc. 128 at 1; see also

4

Doc. 129 at 2 ("The Estates of Shawna Rene Mays and Tristan Mays no longer have viable claims in this lawsuit. Likewise, Mr. Gary Mays' claims were solely derivative of those wrongful death claims, and he has no further viable claims in this action. (Doc. 84) Therefore, Mr. Mays is no longer a real party in interest as to the remaining claims in either his individual capacity or as a co-personal representative of his children's estates.").

On February 1, 2024, the undersigned conducted a judicial settlement conference, which ended in an impasse.

On February 14, 2024, Ms. Frost and Defendants filed a Notice of Settlement advising that all remaining claims in Frost I had been settled. Doc. 136.

On April 12, 2024, Ms. Frost and Defendants filed a Joint Stipulation of Dismissal with Prejudice as to Plaintiff Kristina Frost. Doc. 139.

On April 17, 2024, Ms. Frost and Defendants filed an Amended Joint Stipulation of Dismissal with Prejudice as to Plaintiff Kristina Frost. Doc. 140. Specifically, the parties stipulated that "all claims asserted by Ms. Frost, that remain pending in this litigation (i.e., all claims asserted by Ms. Frost - specifically her claims in her individual capacity for her personal injuries that were not already dismissed through the Court's March 29, 2023 Order granting Defendants' Motion for Partial Judgment on the Pleadings) have been resolved…" Doc. 140 at 1.

### B. <u>Frost II</u>

On March 28, 2024 (which was approximately two weeks before the first Stipulation of Dismissal was filed in <u>Frost I</u>), Ms. Frost and Mr. Mays, individually and as co-personal representatives of the Estate of Shawna and Tristan (the "Estates") filed a complaint against Hilliard Law, Hilliard Martinez Gonzales, LLP, various attorneys associated with Hilliard Law and/or Hilliard Martinez Gonzales, LLP (Robert Carl Hilliard, John Brandon Martinez, Marion Magdalene Reilly, Rudy F. Gonzales, Jr., Matthew Lyle McMullen, Leslie Marie Bearden, Ana Luisa Zabalgoitia, Emily Jeannette Beeson, and Whitney Jo Butcher), Moss & Colella, PC, and Attilio Vincenzo Colella in the Superior Court of Buncombe County, North Carolina. Doc. 1-2. Plaintiffs alleged that the claims made in <u>Frost I</u> were viable, meritorious claims that would have led to substantial recovery on behalf of the Estates but for the untimely filing of the Complaint. <u>Id</u>. at ¶ 95. Plaintiffs further alleged that the defendants failed to inform Plaintiffs "of the malpractice they committed in missing the statute of limitations on behalf of the children's estates" in <u>Frost I</u>. <u>Id</u>. at ¶ 134.

Ms. Frost and Mr. Mays alleged that they were citizens of Michigan, <u>id</u>. 1-2 at ¶¶ 1, 2, and that they were the co-personal representatives of the Estates. <u>Id</u>. 1-2 at ¶ 4. They also alleged that Moss & Colella, PC was a professional corporation registered in the state of Michigan and that Attilio

6

Vincenzo Colello was an attorney licensed to practice law in Michigan. Id. at ¶¶ 38-41.

On May 17, 2024, certain defendants removed the matter to this Court based on alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 1. The removing defendants asserted that Plaintiffs were citizens of North Carolina, that Emily Jeannette Beeson and Whitney Jo Butcher (who were also North Carolina citizens) were improperly joined, and that none of the remaining defendants were citizens of North Carolina.

On June 6, 2024, Ms. Frost and Mr. Mays each filed two citizenship disclosure statements – one with respect to herself or himself individually and one with respect to herself or himself as personal representative of the Estates. Docs. 20-23. Both Plaintiffs indicated that, as individuals, they were citizens of Michigan. Docs. 20, 22. As representatives of the Estates, both indicated they were citizens of North Carolina. Docs. 21, 23.

On June 11, 2024, Attorney Colella and Moss & Colella, PC filed citizenship disclosure statements. Docs. 31, 32. Mr. Colella stated that he is a citizen of Michigan. Doc. 31. Likewise, Moss & Colella, PC appears to be a citizen of Michigan. Doc. 32.

On July 26, 2024, Plaintiffs filed a Stipulation of Voluntary Dismissal Without Prejudice as to Defendants Emily Jeannette Beeson and Whitney Jo Butcher Pursuant to F.R.C.P. 41(a)(1)(A)(ii). Doc. 35.

On September 3, 2024, Plaintiffs filed an Amended Complaint against Hilliard Law, Hilliard Martinez Gonzales, LLP, various attorneys associated with Hilliard Law and/or Hilliard Martinez Gonzales, LLP (Robert Carl Hilliard, John Brandon Martinez, Marion Magdalene Reilly, Rudy F. Gonzales, Jr., Matthew Lyle McMullen, Leslie Marie Bearden, and Ana Luisa Zabalgoitia), Moss & Colella, PC, and Attilio Vincenzo Colella (collectively, the "Law Firm Defendants") which asserts claims of (1) legal negligence, gross legal negligence, willful or wanton conduct, recklessness; (2) breach of contract; (3) fraud, fraudulent concealment, constructive fraud, breach of fiduciary duty, misrepresentation; (4) negligent and reckless infliction of emotional distress; (5) vicarious liability; and (6) punitive damages. Doc. 38.

The Law Firm Defendants then moved to dismiss Plaintiffs' claims. Doc. 45.

On September 30, 2025, the Court ruled on the Motion to Dismiss and allowed all of Plaintiffs' claims to proceed, except for Plaintiffs' breach of contract claim. Doc. 49.[2]

Thereafter, the Law Firm Defendants answered the Amended Complaint.

On December 12, 2025, the undersigned conducted an initial pretrial

---

[2] In their response to the Motion to Dismiss, Plaintiffs stated that they would not pursue that claim. See Doc. 49 at 6-7.

conference and, in light of the possibility that complete diversity was lacking, requested further briefing on the issue of subject matter jurisdiction. That briefing was subsequently submitted. Docs. 74, 75, 81.

## II.    Legal Standard

A federal district court has original diversity jurisdiction "only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." <u>Wisconsin Dep't of Corr. v. Schacht</u>, 524 U.S. 381, 388 (1998). "The presence of [a] nondiverse party automatically destroys original [diversity] jurisdiction ...." <u>Id</u>. at 389.

"If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in [its] notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." <u>Strawn v. AT & T Mobility LLC</u>, 530 F.3d 293, 296 (4th Cir. 2008) (citing, <u>e.g.</u>, <u>Ellenburg v. Spartan Motors Chassis, Inc.</u>, 519 F.3d 192, 200 (4th Cir. 2008)).

## III.    Discussion

### A. Individual Capacity Claims

The Amended Complaint clearly includes claims by the Estates. For example, it alleges that the Law Firm Defendants represented Plaintiffs in a mediated settlement conference that was held on September 13, 2022 concerning the potential resolution of actions pending in both North Carolina

and Ohio. Doc. 38 at ¶ 157. Plaintiffs allege that the Law Firm Defendants did not explain that Plaintiffs "faced a significant risk of recovering nothing for the wrongful death claims" or that the Law Firm Defendants had a potential conflict of interest (based on the statute of limitations issue). Id. at ¶¶ 163, 164. Plaintiffs further allege that they "incurred substantial economic losses and damages *related to the dismissal of the wrongful death claims of the Estates of Tristan Mays and Shawna Mays*." Id. at ¶ 208 (emphasis added).[3]

But the Amended Complaint also includes claims on behalf of Ms. Frost individually. For example, Plaintiffs allege that "[u]pon information and belief, Defendants['] wrongful acts and omissions have proximately caused *Plaintiff Kristina Frost to suffer chronic depression and post-traumatic stress disorder, and/or other conditions to be identified during discovery and proven at trial.*" Id. at ¶ 235.

The Law Firm Defendants argue that any individual capacity claims asserted by Ms. Frost (or Mr. Mays) should be disregarded as "nominal" claims "that are inextricably linked with and wholly derived from the Estates' legal malpractice claim," Doc. 74 at 6, such that the only real parties in interest are

---

[3] Plaintiffs contend that had they been properly informed of the statute of limitations issues and the negotiation process in general, "they would have continued negotiating and most likely resolved the case" during the September 13 mediation and that the Law Firm Defendants' conduct "caused Plaintiffs to lose the opportunity *to settle the wrongful death claims* while the claims still had significant settlement value." Id. at ¶¶ 167, 168 (emphasis added).

10

the Estates of Shawna and Tristan. <u>Id</u>. at 13. In support of that position, the Law Firm Defendants contend that by the time <u>Frost II</u> began on March 28, 2024, all of Ms. Frost's individual claims had been settled.

However, Plaintiffs' allegations in <u>Frost II</u> indicate that Plaintiffs are asserting claims beyond those that were settled in <u>Frost I</u>. That is, here, Mr. Frost is asserting claims other than those associated with her own personal injuries incurred as a result of burns she received during the car fire.

Further, in their Motion to Dismiss, the Law Firm Defendants did not seek the dismissal of Ms. Frost's current claims on the ground that they are duplicative of those she asserted (and subsequently settled) in <u>Frost I</u>. <u>See</u> Docs. 45, 46.[4]

Accordingly, the undersigned is not persuaded that the claims asserted by Plaintiffs in their individual capacities may be disregarded for purposes of the jurisdictional analysis.

### B. 28 U.S.C. § 1332(c)(2)

Section 1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent...."

The Law Firm Defendants argue that because Plaintiffs are serving as

---

[4] Instead, the Law Firm Defendants argued (among other things) that most Plaintiffs' claims were time-barred by the applicable statutes of limitations.

the Estates' legal representatives, Plaintiffs can only be considered to be citizens of North Carolina pursuant to 28 U.S.C. § 1332(c)(2). <u>See</u> Doc. 81 at 7 ("Even hypothetically accepting the NIED or fraud claims as separate and individual claims, the Plaintiffs' citizenship would still be determined as that of the decedent since the Response explicitly states Plaintiffs are suing in their representative capacity, and not merely as an individual.").

However, the undersigned reads the term "only" in 1332(c)(2) as applying to the citizenship of an estate, which must be that of the decedent. In other words, the representative of an estate—when acting in that capacity—cannot be considered to have multiple citizenships. The language does not address the situation where a representative also brings claims in his or her individual capacity. <u>See</u> <u>Tank v. Chronister</u>, 160 F.3d 597, 599 (10th Cir. 1998) ("Section 1332 was added to the diversity statute as part of the Judicial Improvements Act of 1988. The purpose of the Act was to reduce substantially the diversity jurisdiction of the federal courts. See H.R. Rep. No. 100–889, reprinted in 1988 U.S.C.C.A.N. 5982. Section 1332(c)(2) contributed to this effort by discouraging, in cases involving a decedent's estate, the appointment of out-of-state personal representatives solely for the purpose of creating diversity of citizenship where it would otherwise not exist.").

Further, the Law Firm Defendants do not cite controlling authority supporting the position that, when an individual brings claims both on behalf

12

of an estate and for himself or herself personally, only the citizenship of the estate may be considered for diversity purposes. And it appears that other courts have considered such dual-capacity plaintiffs to have both their own citizenship (for purposes of their individual claims) and the citizenship of the decedent (for purposes of the estate's claims). See Laufert v. Davis Logistics, LLC, No. 2:22-CV-00029, 2022 WL 14068948, at *3 (S.D.W. Va. Oct. 24, 2022) (dismissing for lack of subject matter jurisdiction where plaintiff brought claims in both her individual and representative capacity and it appeared that her citizenship for purposes of her individual claims was not diverse from at least one defendant); Est. of Thomas ex rel. Thomas v. Wakefern Food, Corp., No. 3:12-CV-01723 CSH, 2012 WL 6212657, at *3 (D. Conn. Dec. 13, 2012) ("because Plaintiff has brought her action both as administratrix for her husband's estate and in her individual capacity, in addition to establishing her own domicile...she must establish the citizenship of her late husband. This is because for purposes of diversity jurisdiction, the administratrix of an estate has the same citizenship as the decedent."); Est. of Brown v. Affiliated Workers Ass'n, No. 3:14-CV-00031-SMR-CFB, 2014 WL 12610148, at *1 (S.D. Iowa Apr. 25, 2014) ("assuming that the administrator of an estate falls within the definition of legal representative....the Notice of Removal must be amended to indicate the state where the decedent Steven Brown was a citizen at the time of his death. In addition, Pamela Brown brings this case both individually and

13

as administrator of the estate of Steven Brown. Pamela Brown's citizenship as of the date of removal must be alleged for her action in her individual capacity."); <u>Miller v. Miller</u>, No. 22-CV-335, 2022 WL 1397721, at \*2 (W.D. La. Apr. 11, 2022), report and recommendation adopted, No. 5:22-CV-00335, 2022 WL 1321126 (W.D. La. May 3, 2022) ("Kay is a citizen of Louisiana in her individual capacity. She is also a citizen of Louisiana in her capacity as succession representative because Travis was a citizen of Louisiana when he died."); <u>Dymon v. Laffaye</u>, No. 3:12-CV-320 CSH, 2012 WL 774996, at \*2 (D. Conn. Mar. 7, 2012) ("because plaintiff has brought her action both as administratrix for her husband's estate, as well as in her individual capacity, in addition to establishing her own domicile…she must state the citizenship of her late husband. For purposes of diversity jurisdiction, the administratrix of an estate has the same citizenship as the decedent."); <u>Kirkpatrick v. Brummet</u>, No. 22-CV-01217-PAB, 2022 WL 1810584, at \*1 (D. Colo. June 2, 2022) ("The complaint states that plaintiff Carly Kirkpatrick brings this action individually and as the personal representative of the estate of her deceased husband, William Kirkpatrick….The Court accordingly construes the complaint to allege that there are two plaintiffs: Ms. Kirkpatrick and the Estate of William Kirkpatrick."); <u>see also</u> <u>Erickson v. Erickson</u>, 849 F. Supp. 453, 455 (S.D.W. Va. 1994) ("The Defendant has been sued in both his individual and fiduciary capacities. Although Defendant asserts he is a citizen

14

of the state of Florida, such citizenship accrues only to his individual capacity. In his fiduciary capacity as executor of the estate of the decedent, the Defendant 'is deemed to be a citizen only of the same State as the decedent[.]'") (citing 28 U.S.C. § 1332(c)(2) (1988)).

Since Ms. Frost, Mr. Mays, Attorney Colella, and Moss & Colella, PC are all citizens of Michigan, the Law Firm Defendants have not carried their burden of establishing that the parties in this matter are completely diverse.

## IV. Recommendation

The undersigned therefore **RESPECTFULLY RECOMMENDS** that this matter be remanded to the Superior Court of Buncombe County, North Carolina.

Signed: May 21, 2026

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Case 1:24-cv-00149-MOC-WCM    Document 83    Filed 05/21/26    Page 16 of 16