**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:24-cv-149-MOC-WCM**

| | | |
|---|---|---|
| **GARY ALLEN MAYS JR.,**<br>**KRISTINA RENE FROST**,<br>*Individually and as Personal Representative of the Estate of Shawna Rene Mays and as Personal Representative of Tristan Allen Mays*,<br><br>Plaintiffs,<br><br>vs.<br><br>**HILLIARD LAW, ET AL.,**<br><br>Defendants. | ) | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Objection to Memorandum and Recommendations (Doc. No. 85). For the following reasons, the Court **OVERRULES** Defendants' Objection, **AFFIRMS** and **ADOPTS** the Memorandum and Recommendation of the U.S. magistrate judge, and **ORDERS** that this action shall be remanded to state court.

## I. BACKGROUND

Plaintiffs are suing Defendants in Plaintiffs' personal capacities and in their capacities as Personal Representatives of the Estates of Shawna Rene Mays and Tristan Allen Mays. (Doc. No. 38). Plaintiffs' children Shawna Rene Mays and Tristan Allen Mays tragically died in a vehicle fire. (Id. at 11). Plaintiffs filed suit against the manufacturer of the seat belt buckle that allegedly prevented Frost from getting her children out of the vehicle during the fire. (Id.). Plaintiffs' products liability claim failed, and they are now suing their attorneys in the underlying products liability case for legal malpractice. (Id. at 34–40).

Plaintiffs state that they are citizens of Michigan in their individual capacities, but state that they are citizens of North Carolina in their official capacities because the estates are citizens of North Carolina. (Id. at 2). Plaintiffs allege that Defendants Attilio Vincenzo Colella and Moss & Colella, PC, are also citizens of Michigan. (Id. at 7). Plaintiffs filed their lawsuit in state court, and Defendants removed the case to this Court based on diversity jurisdiction under 28 U.S.C. 1332. (Doc. No. 1).

For a district court to have subject matter jurisdiction in a case removed based on diversity of citizenship jurisdiction, the matter in controversy must exceed $75,000, exclusive of interest and costs, and the parties must be "diverse," meaning the parties must be citizens of different states. See 28 U.S.C. § 1332(a). Here, the parties do not dispute that the amount in controversy is met, but the parties disagree over whether the parties are diverse for the purpose of Section 1332.

The U.S. magistrate judge issued a Memorandum and Recommendation, sua sponte, recommending that this Court remand this matter to the state court based on lack of subject matter jurisdiction. (Doc. No. 83). The U.S. magistrate judge reasoned that because Plaintiff Frost—a Michigan citizen—has asserted claims in her individual capacity against Defendants—also Michigan citizens—the parties are not completely diverse. (Id. at 11–15).

Defendants objected to the magistrate judge's recommendation. (Doc. No. 85). They contend that Frost's citizenship in Michigan cannot be properly considered because she is the administrator of the estates, and therefore her citizenship is the same as the estates' even for claims in her individual capacity. (Id.). Defendants also argue that Frost has no viable claim in her individual capacity, and therefore her personal citizenship should be disregarded. (Id.).

## II. APPLICABLE STANDARD

A district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. FED. R. CRIM. P. 59(a); see also FED. R. CIV. P. 72(a). To show that a magistrate judge's order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

## III. DISCUSSION

After conducting a de novo review of the Memorandum and Recommendation, the Court finds that it lacks subject matter jurisdiction over this case for the reasons stated in the magistrate judge's order. As the magistrate judge noted, Plaintiffs alleged claims in their personal capacities and, therefore, their citizenship is pertinent for diversity purposes. That they also alleged claims in their capacities as administrators of the estates does not mean they assume the citizenship of the estates for claims made in their individual capacities. Therefore, for purposes of diversity jurisdiction under 28 U.S.C. § 1332, because at least one party on either side of the litigation is a citizen of Michigan, the parties are not diverse. Accordingly, the Court agrees with the magistrate judge's decision that this Court lacks subject matter jurisdiction over this matter.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Objection to Memorandum and Recommendations (Doc. No. 85), affirm and adopts the Memorandum and Recommendation of the magistrate judge, and remands this matter to state court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendants' Objection to Memorandum and Recommendations (Doc. No. 85) is **OVERRULED**, the Court **AFFIRMS** and **ADOPTS** the Memorandum and Recommendation, and this matter is **REMANDED** to state court.

Signed: August 26, 2026

Max O. Cogburn Jr
United States District Judge